# U.S. District Court
## District of Maryland (Baltimore)

ORIGINAL

| | | |
|---|---|---|
| Fred W. Allnutt | * | |
|     Appellant | * | CASE # 1:10-CV-01739-RDB |
| v. | * | |
| Michael G. Rinn | * | Appeal from Bankruptcy |
|     Appellee | * | Case No. 08-26485 |

\* \* \* \* \* \* \* \* \* \* \* \*

**BRIEF FOR APPELLANT**

**DATE:** July 13, 2010

# TABLE OF CONTENTS

Table of Authorities ................................................................................................2
Case Authority ........................................................................................................3
Statement Of Jurisdiction ........................................................................................4
Preliminary Statement..............................................................................................4
Standard Of Review.................................................................................................4
Statement Of Related Cases ....................................................................................4
Statement Of The Facts ........................................................................................5-7
Statement Of Issues Presented .............................................................................7-8
Statement Of The Case............................................................................................8
Argument .............................................................................................................8-18
Conclusion .............................................................................................................18

# TABLE OF AUTHORITIES

## Rules

| | |
|---|---|
| Bankruptcy Code § 1007 | 10 |
| Bankruptcy Code § 1017 | 9,10,12 |
| Bankruptcy Code § 4004 | 9,10,11,13,14,15,16,17 |
| Bankruptcy Code § 4007 | 16,17 |
| Bankruptcy Code § 8001 | 4 |
| Bankruptcy Code § 9006 | 10,15,17 |
| Bankruptcy Code § 9006 | 9,13,15 |

## Statutes

| | |
|---|---|
| Title 11 U.S.C. § 341 | 5,7,8,9,11,12,13,14,15 |
| Title 11 U.S.C. § 521 | 4,5,7,8,9,10,11,13,15,16 |
| Title 11 U.S.C. § 524 | 9 |
| Title 11 U.S.C. § 704 | 12 |
| Title 11 U.S.C. § 707 | 9,10,11 |
| Title 11 U.S.C. § 727 | 9,10,11,14,15,16 |
| Title 28 U.S.C. § 1930 | 10 |

## Case Authority

| | |
|---|---|
| Indian Motocycle Assocs. III Ltd. Partnership v. Massachusetts Hous. Fin. Agency (In re Indian Motocycle Assocs. III Ltd. Partnership), 66 F.3d 1246, 1249 (1st Cir. 1995) | 4 |
| Fuentes v. Shevin, Attorney General of Florida, et al, (1972) 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed. 2d 556 | 13,17 |
| Windsor v. McVeigh, 93 U.S. 274 | 13 |
| Hovey v. Elliott, 167 U.S. 409 | 13 |
| Grannis v. Ordean, 234 U.S. 385 | 13 |
| Armstrong v. Manzo, 380 U.S. 545 | 13 |
| Lynch v. Household Finance Corp., 405 U.S. 538 | 12 |
| Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123 | 12 |
| Stanley v. Illinois, 405 U.S. 645 | 14 |
| Mullane v. Central Hanover Tr. Co., 339 U.S. 306 | 14 |
| Boddie v. Connecticut, 401 U.S. 371 | 14 |
| E. G., Bell v. Burson, 402 U.S. 535 | 14 |
| Wisconsin v. Constantineau, 400 U.S. 433 | 14 |
| Goldberg v. Kelly, 397 U.S. 254 | 14 |
| Armstrong v. Manzo, 380 U.S. 551 | 14 |
| Opp Cotton Mills v. Administrator, 312 U.S. 126 | 14 |
| United States v. Illinois Central R. Co., 291 U.S. 457 | 14 |
| Londoner v. City & County of Denver, 210 U.S. 373 | 14 |
| In re Ruffalo, 390 U.S. 544, 550-551 | 14 |
| Kontrick v. Ryan, 124 S.Ct. 906 (2004) | 16 |
| Wolff v. McDonnell, 418 U.S. 539 (1974) | 17 |
| Daniels v. Williams, 474 U.S. 331 | 17 |
| Norton Bankr. L. & Practice 2d §47:68 | 16 |

## PRELIMINARY STATEMENT

This is an Appeal of the Order entered by Bankruptcy Judge Nancy V. Alquist dismissing Appellant's Bankruptcy (B/R Dkt. # 19). Judge Alquist's order is based on a non-existent "Trustee's Report" (no complaint or motion was filed) which the Docket Text alleges was filed by the Trustee, Michael G. Rinn. The Docket Text further alleges that the Trustee claims that Appellant failed to comply with the filing requirements of 11 U.S.C. Sec. 521(e)(2)(A). That "Trustee's Report" does not exist in the court record nor was it provided to Appellant. Judge Alquist issued a Notice of Hearing to consider the alleged claim but, some 44 days prior to the hearing date, dismissed Appellant's Bankruptcy without a hearing, which denied Appellant the opportunity to show that he had complied with all filing requirements under 11 U.S.C. Sec. 521(e)(2)(A).

## STATEMENT OF JURISDICTION

This court has jurisdiction to hear this Appeal pursuant to Bkrtcy Rule § 8001, *et seq*. Appellant filed all appropriate and necessary notices required by the rules.

## STANDARD OF REVIEW

In a bankruptcy appeal, the conclusions of law made by the bankruptcy court are subject to plenary review; whereas the facts found by the bankruptcy court are reviewed only for clear error. See <u>Indian Motocycle Assocs. III Ltd. Partnership v. Massachusetts Hous. Fin. Agency (In re Indian Motocycle Assocs. III Ltd. Partnership</u> ), 66 F.3d 1246, 1249 (1st Cir. 1995).

## STATEMENT OF RELATED CASES

There are no prior or related appeals.

## STATEMENT OF THE FACTS

1. On December 12, 2008, Appellant filed a petition commencing Chapter 7 bankruptcy case number 08-26485 (B/R Dkt. # 1).

2. On February 12, 2009, the court issued an order setting May 15, 2009, as the last day to oppose discharge – the court's actually words, "Last day to oppose discharge is 5/15/09" (B/R Dkt. # 10).

3. On March 11, 2009, the 341(a) the first meeting of creditors was held (Dkt. #___).

4. A March 12, 2010, one year after the § 341(a) meeting of creditors, a Docket Text entry was placed in B/R Dkt. # 12 stating, "The Trustee hereby reports that the Debtor(s) has/have not complied with all filing requirements under 11 U.S.C. Sec. 521(e)(2)(A) by failing to provide the Trustee with tax returns. Filed by Michael G Rinn." This Trustee's Report is not filed under B/R Dkt. # 12. What is filed in under B/R Dkt. # 12 is the court's Notice of Possible Dismissal of Case notifying Appellant that he had 14 days to respond to the "Trustee's Report."

5. On March 23, 2010, Appellant filed a timely Objection to the Court's Notice of Possible Dismissal of Case (B/R Dkt. # 14). After corrections of some deficiency notices, the bankruptcy clerk entered the Notice of Filing of Appeal (B/R Dkt. # 47).

6. On March 25, 2010, the court issued a "Notice of Hearing (related document(s) 12 Trustee's Report of Debtor(s) Non-Compliance with Section 521 filed by Trustee, Michael G Rinn, 14 Objection filed by Debtor Fred Waters Allnutt). Hearing scheduled for 5/26/2010 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Oliver, Y) (Entered: 03/25/2010)" (B/R Dkt # 15).

7. On April 8, 2010 the court Denied Appellant's Objection the Court's Notice of Possible Dismissal of Case (B/R Dkt. # 17).

8. On April 12, 2010, some 44 days prior to the hearing scheduled by the court for May

26, 2010, the court dismissed Appellant Bankruptcy (B/R Dkt. # 19).

9. On April 14, 2010, Appellant filed notice to the court that the Docket was in error (B/R Dkt. # 20). The court did not respond or order that the court record be corrected.

10. On April 14, 2010, Appellant filed a Motion for Order Confirming Discharge (Dkt. # 21).

11. On April 15, 2010, Appellant filed a Response to the non-existent "Trustee's Report" allegedly filed by the Trustee (B/R Dkt. # 24).

12. On April 20, 2010, Appellant filed a Motion to Alter or Amend the Courts Order Dismissing Appellant's Bankruptcy (B/R Dkt. # 26).

13. On April 26, 2010, the court issued what it termed a "Memorandum of Decision" that neither confirmed nor denied Appellant's Motion for Order Confirming Discharge (Dkt. # 27).

14. On May 4, 2010 Appellant filed a Motion For Court To Supply Appellant With A Copy Of Trustee's Report Or, In The Alternative, Order the Trustee to Provide Appellant a Copy (B/R Dkt. # 29). The court did not respond to this Motion.

15. On May 4, 2010, Appellant filed a Motion (B/R Dkt. # 30) requesting the Court to issue a finding of facts and conclusions of law to support its Memorandum of Decision (Opinion) Filed On April 26, 2010 (B/R Dkt. # 27).

16. On May 4, 2010, Appellant filed an Objection to the Court's April 12, 2010, Order Dismissing Case (B/R Dkt. # 31).

17. On May 14, 2010, the court issued an Order denying Appellant's Motion For Court To Issue A Finding Of Facts And Conclusions Of Law To Support Its Memorandum of Decision (Opinion) (B/R Dkt. # 27) filed On April 26, 2010 (B/R Dkt. # 32).

18. On May 14, 2010, the court issued an Order denying Appellant's Motion to Alter or

Amend the Courts Order Dated April 12, 2010, Dismissing Case (B/R Dkt. # 33).

19.   On May 20, 2010, Appellant filed a timely Notice of Appeal (Dkt. # 38 ).

## STATEMENT OF ISSUES

i.   Did the Bankruptcy Court err in dismissing Appellant's bankruptcy based on an alleged "Trustee's Report" that does not exist in the court record and was never provided to him?

ii.   Did the Bankruptcy Court err in dismissing Appellant's bankruptcy based on an alleged and unsubstantiated claim that Appellant failed to comply with 11 U.S.C. Sec. 521(e)(2)(A), a claim which, if it was actually made, was made one year after completion of the 341(a) meeting of creditors and ten months after the May 15, 2010, "last day to oppose discharge" date set by the bankruptcy court in its February 12, 2009 order (B/R Dkt. # 10) had expired?

iii.   If the "Trustee's Report" actually exists, is it defective, improper and void if it is not verified, i.e., unsupported by stipulated facts provided by competent witnesses via testimony, affidavits, depositions, or direct oral examination in the record?

iv.   Did the Bankruptcy Court err by not holding a fact-finding hearing to determine if the Trustee's alleged claim that Appellant failed to comply with 11 U.S.C. Sec. 521(e)(2)(A) was correct?

v.   Did the bankruptcy court lack jurisdiction to dismiss Appellant's bankruptcy based on a claim, if a claim was actually filed, that was raised untimely?

vi.   Did the Bankruptcy Court err in not discharging Appellant's bankruptcy after the time frame set by law expired?

vii. Did the Bankruptcy Court err in dismissing Appellant's bankruptcy without holding a fact-finding hearing?

## STATEMENT OF THE CASE

This case arose on appeal from the US Bankruptcy Court, District of Maryland (Baltimore), Petition # 08-26485, to appeal the court's untimely order dismissing Appellant's Bankruptcy, an order entered one year after the § 341 meeting of creditors and over ten (10) months after the time fixed by the bankruptcy court as the "last day to oppose discharge." The court's order of dismissal was based on a non-existent "Trustee's Report," non-existent because it is not found in the court record, which is alleged to state that Appellant had failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., and which is alleged to be filed ten months after the "last day to oppose discharge" date expired. The court scheduled a hearing but issued its order some 44 days prior to the hearing date, thereby denying Appellant the opportunity to show that he had complied § 521(e)(2)(A) of Title 11 U.S.C.

## ARGUMENT

### ISSUE # i    Did the Bankruptcy Court err in dismissing Appellant's bankruptcy based on an alleged "Trustee's Report" that does not exist in the court record and was never provided to him?

1. No Complaint or Motion objecting to Appellant's discharge and no Motion to Dismiss were filed in Appellant's Bankruptcy. The Bankruptcy Court's dismissal of Appellant's Bankruptcy hinges on an alleged "Trustee's Report that does not exist in the Court Record.

2. Bankruptcy Court Dockets (B/R Dkt. #'s 12, 13, 14, & 15) allege that the Chapter 7 trustee, Michael G. Rinn, filed a "Trustee's Report" stating that "the Debtor(s) has/have not complied with all filing requirements under 11 U.S.C. Sec. 521(e)(2)(A) by failing to provide the Trustee with tax returns." If this "Trustee's Report was actually filed, it was filed one year after

the § 341 meeting of creditors was concluded and over ten (10) months after the May 15, 2009, date fixed by the bankruptcy court as the "last day to oppose discharge" set by court order (B/R Dkt. # 10), thereby making it untimely.

    3.    That so-called "Trustee's Report"[1] is not found in Docket #'s 12, 13, 14, & 15, or anywhere in the court record, and the Trustee never provided a copy to Appellant. In that the so-called "Trustee's Report" does not exist in the court record, there is nothing in the court record to support the court's dismissal of Appellant's bankruptcy.

**ISSUE # ii - Did the Bankruptcy Court err in dismissing Appellant's bankruptcy based on an alleged and unsubstantiated claim that Appellant failed to comply with 11 U.S.C. Sec. 521(e)(2)(A), a claim which, if it was actually made, was untimely made one year after completion of the 341(a) meeting of creditors and ten months after the May 15, 2010, "last day to oppose discharge" date set by the bankruptcy (B/R Dkt. # 10) and Rule 4004 expired?**

    4.    Rule 4004, Grant or Denial of Discharge, (a) Time for filing complaint objecting to discharge; notice of time fixed:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a).

Rule 4004(c), Grant of discharge, states:

> (1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:
>
> (A) the debtor is not an individual,
>
> (B) a complaint objecting to the discharge has been filed,
>
> (C) the debtor has filed a waiver under § 727(a)(10),
>
> (D) a motion to dismiss the case under Rule 1017(e) is pending,
>
> (E) a motion to extend the time for filing a complaint objecting to discharge is pending,

---

[1] The Docket text for Dkt. # 13 states in pertinent part, (…related document(s) "12 **Trustee's Report** of Debtor(s) Non-Compliance with Section 521 filed by Trustee Michael G Rinn)." (Bolding added).

(F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending, or

(G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.

(H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management as required by Rule 1007(b)(7);

(I) a motion to delay or postpone discharge under § 727(a)(12) is pending;

(J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;

(K) a presumption has arisen under § 524(m) that a reaffirmation agreement is an undue hardship; or

(L) a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

5. The only exceptions to a prompt entry of a discharge arise when: (1) a complaint objecting to the discharge has been filed pursuant to Rule 4004(c)(1)(B); (2) a motion to dismiss under 11 U.S.C.S. § 707(b) is pending pursuant to Rule 4004(c)(1)(D); (3) a motion to extend the time to object to discharge is pending is pending pursuant to Rule 4004(c)(1)(E); (4) a motion to extend the time to file a motion to dismiss a case for abuse under 11 U.S.C.S. § 707(b) or (c) is pending pursuant to Rule 4004(c)(1)(F); (5) a motion to delay or postpone discharge under 11 U.S.C.S. § 727(a)(12) is pending is pending pursuant to Rule 4004(c)(1)(I); (6) a motion to enlarge the time to file a reaffirmation agreement was filed under Fed. R. Bankr. P. 4008(a) pursuant to Rule 4004(c)(1)(J); (7) a presumption of undue hardship under 11 U.S.C.S. § 524(m) has arisen under Rule 4004(c)(1)(K); or (8) a motion is pending to delay discharge because the debtor has not filed with the court all tax documents required to be filed under § 521(f) pursuant to Rule 4004(c)(1)(J). The bankruptcy court may extend the filing deadline for cause, but only on motion by a party in interest filed before the deadline has expired pursuant to Rule 4004(b). The court cannot extend the deadline if the motion is filed after the filing deadline designated in Rule 9006(b)(3) expires.

6. No complaint objecting to the discharge, no motion to dismiss under 11 U.S.C.S. § 707(b), no motion to extend the time to object to discharge, no motion to extend the time to file a motion to dismiss a case for abuse under 11 U.S.C.S. § 707(b) or (c), no motion to delay or postpone discharge under 11 U.S.C.S. § 727(a)(12), and no motion was pending to delay discharge because the debtor had not filed with the court all tax documents required to be filed under § 521(f), or (e), were filed within the time frame designated by Rule 4004 or within the time fixed the bankruptcy court as the "last day to oppose discharge" (B/R Dkt. # 10).

7. Indeed, Rule 4004(c) does not list § 521(e)(2)(A) of Title 11 U.S.C. as a cause for the bankruptcy court to not grant a discharge unless, pursuant to 4004 (c)(L), "a motion is pending to delay discharge." No 4004(c)(L) motion was pending within the sixty (60) day time frame designated by Rule 4004, or at any time thereafter in Appellant's bankruptcy case.

8. If the Trustee believed that Appellant had failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., then the time for the Trustee to file a complaint would be immediately prior to or immediately after the 341 meeting of creditors, not twelve (12) months after that meeting was held, and not ten (10) months after the May 15, 2010, time frame set by this court as the "last day to oppose discharge" had expired.

9. Section 521(e)(2)(A) of Title 11 U.S.C. states: The debtor shall provide--

> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed;

10. Had the bankruptcy court held a "fact-finding" hearing prior to dismissing Appellant's bankruptcy, as required by law, the court would have found beyond any doubt that Appellant fully complied with § 521 (e)(2)(A) of Title 11 U.S.C.

11. Rule 1017(e), Dismissal of an individual debtor's chapter 7 case, also applies in this instance:

> The court may dismiss or, with the debtor's consent, convert an individual debtor's case for abuse under § 707(b) only on motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entity as the court directs.
>
> (1) Except as otherwise provided in § 704(b)(2), a motion to dismiss a case for abuse under § 707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under § 341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss. The party filing the motion shall set forth in the motion all matters to be considered at the hearing. In addition, a motion to dismiss under § 707(b)(1) and (3) shall state with particularity the circumstances alleged to constitute abuse.
>
> (2) If the hearing is on the court's own motion, notice thereof shall be served on the debtor not later than 60 days [after] the first date set for the meeting of creditors under § 341(a). The notice shall set forth all matters to be considered by the court at the hearing.

12. The bankruptcy court set the time and date for a hearing (B/R Dkt. # 15). However, the court's notice failed to "set forth all matters to be considered by the court at the hearing."

13. Accordingly, the bankruptcy court was bound by Rule 4004(c)(1), which provides that when the deadline in Rule 4004(a) expires, the court shall forthwith grant the discharge. Moreover, that hearing never occurred because the bankruptcy court summarily dismissed Appellant's Bankruptcy some forty-four (44) days prior to the scheduled hearing date.

**Issue # iii - If the "Trustee's Report" actually exists, is it defective, improper, and void if it is not verified, i.e., unsupported by stipulated facts provided by competent witnesses via testimony, affidavits, depositions, or direct oral examination in the record?**

14. As stated in Issue # 1 argument, the so-called "Trustee's Report" is not found in B/R Dkt. #'s 12, 13, 14, & 15, or anywhere else in the court record, and the Trustee never provided a copy to Appellant. Hence, it cannot be determined if it is verified. Still, if the "Trustee's Report" actually exists, and it is not verified, it is worthless and should be summarily stricken from the record.

**Issue # iv - Did the Bankruptcy Court err by not holding a fact-finding hearing to determine if the Trustee's alleged claim that Appellant failed to comply with 11 U.S.C. Sec. 521(e)(2)(A) was correct?**

15. The due process clause is among the substantive rights the Supreme Court refers to in Fuentes v. Shevin, Attorney General of Florida, et al, (1972) 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed. 2d 556 where the court states:

> For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." Baldwin v. Hale, 1 Wall. 223, 233. See Windsor v. McVeigh, 93 U.S. 274; Hovey v. Elliott, 167 U.S. 409; Grannis v. Ordean, 234 U.S. 385. [***570] It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552.
>
> The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not [*81] only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment -- to minimize substantively unfair or mistaken deprivations of property, a danger that is especially great when the State seizes goods simply upon the application of and for the benefit of a private party. So viewed, the prohibition against the deprivation of property without due process of law reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference. See Lynch v. Household Finance Corp., 405 U.S. 538, 552.
>
> The requirement of notice and an opportunity to be heard raises no impenetrable barrier to the taking of a person's possessions. But the fair process of decision-making that it guarantees works, by itself, to protect against arbitrary deprivation of property. For when a person has an opportunity to speak up in his own defense, and when the State must listen to what he has to say, substantively unfair and simply mistaken deprivations of property interests can be prevented. It has long been recognized that "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights. ... [And n]o better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it." Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170-172 (Frankfurter, J., concurring).
>
> If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if they were unfairly or mistakenly [**1995] taken in the first place. Damages may even be [*82] awarded to him for the wrongful deprivation. But no later hearing and no damage award can

undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred. [***571] "This Court has not ... embraced the general proposition that a wrong may be done if it can be undone." Stanley v. Illinois, 405 U.S. 645, 647.

This is no new principle of constitutional law. The right to a prior hearing has long been recognized by this Court under the Fourteenth and Fifth Amendments. Although the Court has held that due process tolerates variances in the form of a hearing "appropriate to the nature of the case," Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 313, and "depending upon the importance of the interests involved and the nature of the subsequent proceedings [if any]," Boddie v. Connecticut, 401 U.S. 371, 378, the Court has traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect. E. G., Bell v. Burson, 402 U.S. 535, 542; Wisconsin v. Constantineau, 400 U.S. 433, 437; Goldberg v. Kelly, 397 U.S. 254; Armstrong v. Manzo, 380 U.S., at 551; Mullane v. Central Hanover Tr. Co., supra, at 313; Opp Cotton Mills v. Administrator, 312 U.S. 126, 152-153; United States v. Illinois Central R. Co., 291 U.S. 457, 463; Londoner v. City & County of Denver, 210 U.S. 373, 385-386. See In re Ruffalo, 390 U.S. 544, 550-551. "That the hearing required by due process is subject to waiver, and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing before he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." Boddie v. Connecticut, supra, at 378-379.

### Issue # v - Did the bankruptcy court lack jurisdiction to dismiss Appellant's bankruptcy based on a claim, if a claim was actually filed, that was raised untimely?

16. Rule 4004(c)(1) provides that when the deadline in Rule 4004(a) expires, the court shall forthwith grant the discharge.

17. Rule 4004 (a) sets the time frame for objecting to a debtor's discharge:

> (1) In a chapter 7 liquidation case a under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a).

18. The 60 day time frame set established by Rule 4004(a) expired some eleven months before the bankruptcy court dismissed Appellant's bankruptcy, making the alleged "Trustee's Report," if it exists, an untimely action.

19. The court's failure to provide Appellant a hearing denied Appellant the opportunity, and his right, to object to a pleading on the grounds that it does not exist in the court record and that it was filed out of time

**Issue # vi - Did the Bankruptcy Court err in not discharging Appellant's bankruptcy after the time frame set by law expired?**

20. Bankruptcy Rule 4004 is the main procedural complement to the substantive provisions of 11 U.S.C.S. § 727 of the Bankruptcy Code and the fresh start policy of federal bankruptcy law. In a case under Chapter 7, Rule 4004(a) sets the sixtieth day after the first date set for the meeting of creditors under 11 U.S.C.S. § 341(a) as the deadline to file a complaint objecting to discharge. The bankruptcy court may extend that deadline for cause, but only on motion by a party in interest filed before the deadline has expired (Rule 4004(b). The court cannot extend the deadline if the motion is filed after the deadline (Rule 9006(b)(3).

21. Rule 4004(c)(1) provides that when the deadline in Rule 4004(a) expires, the court shall forthwith grant the discharge.

22. Rule 4004, Grant or Denial of Discharge, (a) states:

> (1) In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a).

23. The 60 day time frame set established by Rule 4004(a) expired some eleven months before the bankruptcy court dismissed Appellant's bankruptcy.

24. Rule 4004(a)(c)(1) directs the bankruptcy court to forthwith grant a discharge to a debtor once the deadline to object to a discharge has expired and no motions, objections, complaints, etc., are pending.

25. Rule 4004(c)(1) does not list § 521(e)(2)(A) of Title 11 U.S.C. as cause for not granting a discharge unless, pursuant to 4004(c)(1)(L), "a motion is pending to delay discharge."

No 4004(c)(1)(L) motion was filed before or after the sixty (60) day time frame designated in Rule 4004. (also see Issues #'s 2 & 8).

26.  Therefore, pursuant to Rule 4004, the court lacked adjudicatory authority to dismiss Appellant's bankruptcy.

### Issue # vii: Did the Bankruptcy Court err in dismissing Appellant's bankruptcy without holding a fact-finding hearing?

27.  On March 25, 2010, the bankruptcy court set the "as-a-matter-of-right" required fact-finding hearing (B/R Dkt. # 15) to consider the merits of the Trustee's alleged claim that Appellant had failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., but, on April 12, 2010, some forty-four (44) days prior to the May 26, 2010, hearing date, the court, by a secret, one-sided determination of some non-existent facts, and without a motion or complaint being filed by any party, summarily dismissed Appellant's Bankruptcy Case (B/R Dkt. # 19) based on a non-existent "Trustee's Report" and without any verified facts in the record to support whatever that alleged report might say.

28.  In Kontrick v. Ryan, 124 S.Ct. 906 (2004), the Supreme Court has issued a unanimous opinion on certiorari from the Seventh Circuit, In re Kontrick, 295 F.3d 724 (7th Cir.) (Norton Bankr. L. & Practice 2d §47:68). Justice Ginsburg authored the Court's opinion describing the issue as one that concerns the duration of a right to object to a pleading on the ground that it was filed out of time.

29.  The Court's opinion in Kontrick points out that Congress established the jurisdiction of bankruptcy courts, including its description of core proceedings, in 28 U.S.C.A. §157(b)(2). §727(a) and 523(a) of the Bankruptcy Code. The court acknowledged that these sections do not specify a time within which complaints under those sections must be filed, but found that those time limits are found in Bankruptcy Rules 4004(a) and 4007(c). The 60-day time limitation is the

same in both Rules.

30. Specifically looking at Rules 4004(a) and 9006(b)(3), the Court outlined three purposes of those Rules: (1) to inform the objecting creditor of the time within which to file a complaint; (2) to instruct the court on its discretionary limits for enlarging that time; and (3) to afford an affirmative defense to a complaint filed outside the time limit set forth in Rule 4004(a) and 9006(b)(3).

31. So, we now know that Rule 4004, and Rule 4007 by implication, do not impose subject-matter jurisdictional limits on the bankruptcy court's authority to hear untimely filed complaints concerning objections to discharge.

32. Since no objections, complaints, or pleading objecting to Appellant's discharge were filed, and no motions to extend time to file an objection to Appellant's discharge, and no motions to dismiss Appellant's bankruptcy were filed within the 60 days time frame set in 4004(a) and 4007(c), or on or before the May 15, 2009, "last day to oppose discharge" date set by this court (B/R Dkt # 10), the bankruptcy court lacked authority to dismiss Appellant's bankruptcy.

33. "We have emphasized time and again that '[t]he touchstone of due process is protection of the individual against arbitrary action of government,'" Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Whether the fault lies in a denial of fundamental procedural fairness (see, e.g., Fuentes v. Shevin, 407 U.S. 407 U.S. 67, 82 (1972)) (the procedural due process guarantee protects against "arbitrary takings"), or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (see, e.g., Daniels v. Williams, 474 U.S., at 331), the substantive due process guarantee protects against government power arbitrarily and oppressively exercised.

Conclusion

**Wherefore**, Appellant moves this court to find that the Bankruptcy Court lacked adjudicatory authority to dismiss Appellant's bankruptcy as a matter of law and to issue an order discharging Appellant's Bankruptcy. In the alternative, if issuing an order discharging Appellant's Bankruptcy is not an option, to remand Appellant's Bankruptcy Case back to the Bankruptcy Court and to order the Bankruptcy Court to discharge Appellant's Bankruptcy.

Respectfully Submitted,

_____
Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland 21042
(410-984-6476)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July 2010, I served a copy of this document by first class mail on Michael B. Rinn, Suite 4, 111 Warren Road, Cockeysville, Maryland, 21030.

_____
Fred W. Allnutt