**U.S. District Court**
**District of Maryland (Baltimore)**

| | | |
|---|---|---|
| Fred W. Allnutt | * | |
| Appellant | * | CASE # 1:10-CV-01739-RDB |
| v. | * | |
| Michael G. Rinn | * | Appeal from Bankruptcy |
| Appellee | * | Case No. 08-26485 |

* * * * * * * * * * * * *

### APPELLANT'S RESPONSE TO STATEMENT OF MICHAEL G. RINN, CHAPTER 7 TRUSTEE, ERRONEOUSLY DESIGNATED AS APPELLEE

Comes now, Fred Allnutt, Appellant, and responds to the "Statement Of Michael G. Rinn, Chapter 7 Trustee, Erroneously Designated As Appellee," and for this states as follows:

1. Michael G. Rinn, Chapter 7 Trustee, may not believe that he is the proper designated "Appellee" in the instant case, but he is the only "moving party" in this case, and it was his act of filing what the Docket records as the "Trustee's Report" that culminated in the bankruptcy court issuing a Judicial Order Dismissing Appellant's bankruptcy.

2. The B/R Docket text for B/R Docket # 12, states:

> "The Trustee hereby reports that the Debtor(s) has/have not complied with all filing requirements under 11 U.S.C. Sec. 521(e) (2)(A) by failing to provide the Trustee with tax returns. <u>Filed by Michael G Rinn</u>. (Rinn, Michael) (Entered: 03/12/2010) (Docket Text under Dkt. # 12)" (Underline added).

3. The Docket text for B/R Docket # 13 defines the "report" filed by Michael G Rinn (noted in B/R Docket # 12) as a "Trustee's Report."

> BNC Certificate of Mailing. This document shows ONLY the persons noticed by the Clerk by paper mailing. Additional persons noticed by the Clerk by electronic means using CM/ECF are viewed by clicking the silver ball NEXT TO THE UNDERLYING PLEADING (related document(s) 12 <u>Trustee's Report</u> of Debtor(s) Non-Compliance with Section 521 filed by Trustee Michael G Rinn). No. of Notices: 7. Service Date 03/14/2010. (Admin.) (Entered: 03/15/2010) (underline added for emphasis),

4. On March 25, 2010, in the court's "Notice of Hearing" (B/R Dkt. # 15), the court again defined Trustee Michael G Rinn's "report as a "Trustee's Report":

> Notice of Hearing (related document(s) 12 <u>Trustee's Report</u> of Debtor(s) Non-Compliance with Section 521 filed by Trustee Michael G Rinn, 14 Objection filed by Debtor Fred Waters Allnutt). Hearing scheduled for 5/26/2010 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Oliver, Y) (Entered: 03/25/2010) (underline added for emphasis).

5. B/R Docket #'s 12, 13, and 15 all confirm that the "Trustee's Report" was filed by "Trustee Michael G. Rinn."

6. However, that so-called "Trustee's Report" is not found in B/R Docket # 12, nor is it found anywhere else in the Court Record, and Trustee Rinn never provided Appellant a service copy of his "Trustee's Report."

7. On April 14, 2010, Appellant filed a "Notice Of Error In Record And Request For The Record To Be Corrected" (B/R Dkt. # 20) noticing the court that the report "Filed by Michael G. Rinn" was not filed under B/R Docket #12 as the Docket Text claimed. The court did not rule on Appellant's Notice Of Error In Record And Request For The Record To Be Corrected."

8. On May 4, 2010, Appellant filed a "Motion For Court To Supply Debtor With A Copy Of The Trustee's Report Or, In The Alternative, Order The Trustee To Provide Debtor A Copy" (B/R Dkt # 29). The court did not rule on Appellant's "Motion For Court To Supply Debtor With A Copy Of The Trustee's Report Or, In The Alternative, Order The Trustee To Provide Debtor A Copy."

9. Since a motion to dismiss must be filed in order for the Court to consider dismissing a case based on a debtor's non-compliance with Section 521(e)(2)(A) and, since a debtor may defeat a motion to dismiss if the debtor demonstrates that the failure to provide the return was due to circumstances beyond the debtor's control (see: <u>In Re: Thomas George Guidry</u>, Debtor(s), Case No: 06-32195, Chapter 13, United States Bankruptcy Court For The Southern District Of Texas, Houston Division, 354 B.R. 824; 2006 Bankr. Lexis 3303, Decided November 27, 2006),

Appellant believed that the court had considered the "Trustee's Report" as a "Motion to Dismiss" and filed "Debtor's Objection To Court's Notice of Possible Dismissal Of Case" (B/R Dkt. # 14)." Appellant styled his "Objection" as an "Objection To Court's Notice of Possible Dismissal Of Case" because that is the actual document filed under B/R Dkt # 12 and not the "Trustee's Report" that is noted in the B/R Dkt # 12 text, and in numerous other Docket Texts.

10. Moreover, Fed. R. Bankr. P. 1017(f) requires that motions to dismiss are governed by Fed. R. Bankr. P. 9014. Rule 9014 only allows for dismissal after reasonable notice and opportunity for hearing. If a debtor opposes a motion to dismiss, the court must set and hold a hearing on the motion. Appellant opposed Trustee Michael G. Rinn's "Motion To Dismiss" via his "Debtor's Objection To Court's Notice of Possible Dismissal Of Case" (B/R Dkt. # 14).

11. For a thorough discussion on the proper procedure for dismissing a case under Title 11, 521(e), see Guidry, supra.

12. The fact that the court issued a "Notice of Hearing" (B/R Dkt. # 15) on March 25, 2010, to consider the "Trustee's Report of Debtor(s) Non-Compliance with Section 521 filed by Trustee Michael G Rinn" and the "Objection filed by Debtor Fred Waters Allnutt" is further evidence that the court considered Trustee Michael G. Rinn's "Trustee's Report" as a "Motion To Dismiss." The Docket text for B/R Dkt. # 15 states:

> Notice of Hearing (related document(s) 12 Trustee's Report of Debtor(s) Non-Compliance with Section 521 filed by Trustee Michael G Rinn, 14 Objection filed by Debtor Fred Waters Allnutt). Hearing scheduled for 5/26/2010 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Oliver, Y) (Entered: 03/25/2010)

13. However, for reasons unknown to this Appellant, on April 8, 2010, some forth-eight (48) days prior to the hearing Judge Alquist scheduled for 5/26/2010, she denied Appellant "Debtor's Objection To Court's Notice of Possible Dismissal Of Case" (B/R Dkt # 17).

14. Four days later, on April 12, 2010, Judge Alquist issued an Order Dismissing Appellant's bankruptcy (B/R Dkt. #19).

15. Judge Alquist's order was not a "ministerial act," as trustee Michael G. Rinn claims (first paragraph of his "Statement"), but a Judicial Act, i.e., the Judicial Act of issuing a "Final Order" in Appellant's bankruptcy. However, pursuant to the findings in Guidry, supra, Judge Alquist lacked lawful authority to dismiss Appellant's bankruptcy because "a motion to dismiss must be filed for the Court to consider dismissing a case,: and only then after "reasonable notice and opportunity for hearing" is provided. In Guidry, the court found:

> [HN15] Section 521(e)(2)(B) provides for the dismissal of cases in which a debtor fails to provide a tax return or tax transcript. A motion to dismiss must be filed in order for the Court to consider dismissing a case on these grounds. However, § 521(e)(2)(B) allows a debtor to defeat a motion to dismiss if the debtor demonstrates that the failure to provide the return was due to circumstances beyond the debtor's control. Fed. R. Bankr. P. 1017(f) requires that motions to dismiss (with certain exceptions not relevant here) are governed by Fed. R. Bankr. P. 9014. Rule 9014 only allows for dismissal after reasonable notice and opportunity for hearing.

16. On April 20, 2010, Appellant filed "Debtor's Motion To Alter Or Amend This Courts Order Dated April 12, 2010, Dismissing Case" (B/R Dkt. # 26).

17. On May 18, 2010, Judge Alquist denied "Debtor's Motion To Alter Or Amend This Courts Order Dated April 12, 2010, Dismissing Case" without explanation.

18. Moreover, if Trustee Michael G. Rinn actually filed a "Trustee's Report" alleging that Appellant failed to comply with Title 11, § 521(e)(2)(A), that report was untimely filed and should have been dismissed sui sponte. The Docket records that Michael G. Rinn filed his "Trustee's Report" on April 12, 2010. This date occurred almost a year after the "Last day to oppose discharge" date of May 15, 2009, set by the court in its February 12, 2009 order (B/R Dkt # 10), had expired, and was filed contrary to the expressed requirement of Rule 4004 (c)(1)(L).

19. Rule 4004 is the controlling Rule for Granting or Denying a Discharge. Rule 4004(a) states that the time for filing a complaint objecting to discharge is fixed: "In a chapter 7 liquidation case a complaint objecting to a debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a)." Rule 4004(c)(1) states: "In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless...." None of the stated issues that would prevent the court from granting a discharge apply in Appellant's bankruptcy, and no complaint, motion, or objecting to discharge was filed or pending within the "60 days following the first date set for the meeting of creditors under § 341(a)," or within the time frame set forth in Rule 4004. Hence, Michael Rinn's "Trustee's Report" was untimely.

20. Furthermore, the court dismissed Appellant's bankruptcy based on an alleged "Trustee's Report" that does not exist in the court record and without first holding a fact-finding hearing.

21. As for Trustee Rinn's argument that Appellant's refilling of bankruptcy "would appear to render the matter presently before this Court as moot," he offers no law to support his tenuous statement.

22. The Bankruptcy Rules provide that when a case is dismissed, the Debtor in that case can re-file immediately after dismissal unless the Court places a bar to re-filing. No bar was placed on Appellant and there is no relationship between this Appeal and Appellant's refilling of bankruptcy.

## CONCLUSION

No court operates in a vacuity. Since the court record records that Judge Alquist's Order Dismissing Appellant's bankruptcy was based on an alleged "Trustee's Report," allegedly filed by Trustee Michael G. Rinn, Trustee Michael G Rinn either filed a "Trustee's Report,"

stating that Debtor failed to comply with Section 521(e)(2)(A) or there is nothing in the court record to support Judge Alquist's Order Dismissing Appellant's Bankruptcy.

It is also clear from the court record that Judge Alquist's order dismissing Appellant's bankruptcy is a final Order, making that Order a "Judicial Act." Hence, Chapter 7 Trustee Michael G. Rinn is not only the "proper" and "requisite party," he is the only "proper" and "requisite party" that could be named as Appellee.

                                    Respectfully Submitted,

                                    Fred W. Allnutt
                                    10370 Baltimore National Pike
                                    Ellicott City, Maryland 21042 - (410-984-6476)

## CERTIFICATE OF SERVICE

Appellant hereby certify that on this 28th day of August 2010, Appellant served a copy of this document by first class mail on Michael B. Rinn, Suite 4, 111 Warren Road, Cockeysville, Maryland, 21030.

                                    Fred W. Allnutt